UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-42581-mgd |
| | ) | |
| ***PAULA THACKER BOWMAN*** | ) | CHAPTER 7 |
| | ) | |
| ***AKA PAULA KAYE THACKER***, | ) | JUDGE DIEHL |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ***CITIMORTGAGE, INC.***, | ) | |
| | ) | **RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Citimortgage, | ) | |
| v. | ) | |
| | ) | |
| ***PAULA THACKER BOWMAN***, | ) | |
| | ) | |
| Respondent. | ) | |

Paula Thacker Bowman, the chapter 7 debtor in the above-captioned case (the "**Debtor**"), by and through her attorney, hereby opposes the *Motion for Relief from the Automatic Stay* filed by Citimortgage, Inc. ("**Citimortgage**") on August 10, 2010 [Docket No. 14 (the "**Motion**")]. In support of this *Response in Opposition to the Motion for Relief form the Automatic Stay*, the Debtor respectfully represents as follows:

**SUMMARY OF RELEVANT FACTS**

*The Debtor's Deteriorating Financial Situation*

1. In May 1997, the Debtor purchased her home at 224 Presidential Drive, Dallas, Georgia 30157 (the "**Property**"). To finance the purchase of the Property, the Debtor took out a mortgage loan.

2. In January 2002, the Debtor refinanced her mortgage loan.

3. At the time of the refinance, the Debtor earned sufficient income as a paralegal for a residential real estate law firm to support her monthly mortgage payment.

4. In late 2007, residential mortgage originations declined sharply as a result of the "sub-prime mortgage crisis." As a result of the reduced volume in real estate transactions, the Debtor was laid off in late 2007.

5. Beginning in or about March 2008, the Debtor began to struggle to make on her mortgage payments. Shortly thereafter, the Debtor contacted Citimortgage, the payee listed on her mortgage statements, about a possible mortgage loan modification.

6. The Debtor continued to communicate with Citimortgage through early 2010 regarding her financial situation and the possibility of a mortgage loan modification.

7. In January 2010, in the midst of the worst economic conditions since the Great Depression, the Debtor was again laid off. Since then, the Debtor has been living off unemployment compensation (approximately $1,400 per month) and actively, but unsuccessfully, searching for a new position.

8. Citimortgage began foreclosure proceedings in or around May 2010. A non-judicial foreclosure sale of the Property was scheduled for July 6, 2010.

*The Voluntary Petition*

9. The Debtor filed her voluntary petition *pro se* on July 1, 2010, which commenced this chapter 7 case.

10. The Debtor scheduled Citimortgage on Schedule D as a creditor with a ***disputed*** secured claim.

*The Note and Security Deed*

11. Exhibit B to the Motion is a copy of a promissory note (the "**Note**") executed by the Debtor in favor of HomeBanc Mortgage Corporation ("**HomeBanc**") and its successors and assigns on January 18, 2002. *See* Motion, Ex. B.

12. Exhibit A to the Motion is a copy of a security deed (the "**Security Deed**"), pursuant to which the Debtor granted a security interest in the Property, with power of sale, to HomeBanc and its successors and assigns. *See* Motion, Ex. A.

## CITIMORTGAGE HAS FAILED TO DEMONSTRATE THAT IT HAS STANDING TO SEEK RELIEF FROM THE AUTOMATIC STAY

13. Actions for relief from stay are contested matters. Fed. R. Bankr. P. 4001, 9014.

14. Contested matters must be prosecuted in the name of the real party in interest. Fed. R. Bankr. P. 7017 (incorporating Fed. R. Civ. P. 17); *In re Jacobson,* 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009).

15. A party seeking relief from stay must establish that it is the real party in interest, *i.e.*, that it is entitled to relief. 11 U.S.C. § 362(d) ("On request of a ***party in interest*** and after notice and a hearing, the court shall grant relief from stay…." (emphasis added)); *see In re Hayes*, 393 B.R. 259, 266-67 (Bankr. D. Mass. 2008).

16. Citimortgage alleges that it is entitled to seek relief from the automatic stay because it *might* hold the Note. *See* Motion, ¶ 3 ("Citimortgage is the holder of the Note and Security Deed ***or*** it acts as the servicing agent for same." (emphasis added)).[1]

---

[1] Because the security follows the obligation of the obligation secured, whether Citimortgage is the holder of the Security Deed is irrelevant in determining whether Citimortgage is authorized

17.     But, according to the evidence submitted by Citimortgage, HomeBanc—not Citimortgage--holds the Note.  There is no evidence showing that the Note was endorsed over to Citimortgage, or that Citimortgage is a successor or assignee of HomeBanc, or that there is any other connection between the Note and Citimortgage.

18.     Citimortgage also alleges that it is entitled to seek relief form the automatic stay because it *might* be the servicing agent for the holder of the Note.  See Motion, ¶ 3.

19.     Citimortgage has not submitted any evidence showing that it is the servicing agent of the holder of the Note.

20.     Moreover, assuming *arguendo* that Citimortgage is the servicing agent for the holder of the Note, Citimortgage has not submitted any evidence showing that, as servicing agent, it has any authority to enforce the Note.  *In re Jacobson*, 402 B.R. at 367 (finding that "servicers do not automatically have standing, and must show authority to act for the party which does." (citations omitted)).

21.     Furthermore, even if Citimortgage could show that it is authorized to enforce the Note as servicing agent for the holder of the Note, Citimortgage would *still* not be the real party in interest.  *See In re Jacobson*, 402 B.R. at 366 ("The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced. Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party, and so identified in the papers and in the electronic docketing done by the moving party's counsel."); 6A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1553 ("As a general rule, a person who is an attorney-in-fact or an agent

---

to enforce the Note.  *See Carpenter v. Longan*, 83 U.S. 271, 275 (1872) ("[T]ransfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter.").

solely for the purpose of bring suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than in his own name.").

22. Because Citimortgage has submitted no evidence showing that it either (a) holds the Note or (b) is authorized to act for whomever holds the Note, Citimortgage has failed to demonstrate that it has standing to seek relief from the automatic stay. *In re Jacobson,* 402 B.R. at 370; *see In re Parrish*, 326 B.R. 708, 720-21 (Bankr. N.D. Ohio 2005).

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion and grant such other and further relief as is just.

Dated: September 3, 2010        /s/ Susan M. Brake
　　　　　　　　　　　　　　　　Susan M. Brake, Esq.
　　　　　　　　　　　　　　　　1715 Bankwell Close Way
　　　　　　　　　　　　　　　　Lithia Springs, GA  30122
　　　　　　　　　　　　　　　　Phone: (678) 372-0672
　　　　　　　　　　　　　　　　Fax: (678) 954-6636
　　　　　　　　　　　　　　　　susanbrake@bankruptcylawyerdirect.com
　　　　　　　　　　　　　　　　Attorney for Debtor

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am, and at all times relevant was, more than 18 years of age, and that on September 3, 2010, I served a copy of the foregoing *Response in Opposition to Motion for Relief from the Automatic Stay* upon the parties listed below by email and by United States mail, first-class, postage pre-paid:

**Counsel for Citimortgage:**
Alice Blanco
Pendergast & Associates, P.C.
South Terraces, Suite 1000
115 Perimeter Center Place
Atlanta, GA  30346
ablanco@penderlaw.com

**Chapter 7 Trustee:**
Kyle A. Cooper, Esq.
615 Colonial Park Drive, Suite 104
Roswell, GA  30075
kyle.cooper@7trustee.net

Dated:  September 3, 2010

/s/ Susan M. Brake
Susan M. Brake, Esq.
1715 Bankwell Close Way
Lithia Springs, GA  30122
Phone: (678) 372-0672
Fax: (678) 954-6636
susanbrake@bankruptcylawyerdirect.com
Attorney for Debtor